UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MAY PEMBERTON,

       Plaintiff,
v.

RENT FLORIDA REALTY, INC.,
STEVEN TERRINONI,

       Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, MAY PEMBERTON, brings this action against Defendants, RENT FLORIDA REALTY, INC. and STEVEN TERRINONI, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff MAY PEMBERTON was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff MAY PEMBERTON engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA through, among other activity, interstate telephone communication.

4. At all times material hereto, Defendant, RENT FLORIDA REALTY, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of providing property management services, at all times material hereto was the "employer" of Plaintiff MAY PEMBERTON as that term is defined under statutes referenced herein, engaged

along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5.     Defendant, STEVEN TERRINONI, is a resident of Palm Beach County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, RENT FLORIDA REALTY, INC.; said Defendant acted and acts directly in the interests of Defendant, RENT FLORIDA REALTY, INC., in relation to said co-Defendant's employees. Defendant effectively dominates RENT FLORIDA REALTY, INC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, STEVEN TERRINONI was and is an "employer" of the Plaintiff MAY PEMBERTON within the meaning of 29 U.S.C. §203(d).

6.     In justifiable reliance upon Defendants' representations and promises, Plaintiff MAY PEMBERTON accepted employment and began working for Defendants as an office assistant.

7.     During Plaintiff's employment, Defendants did not pay Plaintiff MAY PEMBERTON the full and proper overtime wages of 1.5 times her hourly rate for each hour Plaintiff worked over 40 each week.

8.     The records, if any, concerning the date range of Plaintiff's employment, the number of hours Plaintiff MAY PEMBERTON actually worked, and the compensation actually paid to Plaintiff are in the possession and/or control of Defendants; however, Plaintiff MAY PEMBERTON has attached a statement of claim as Exhibit A to provide initial estimates of her damages. These amounts may change as she engages in the discovery process.

9.     Defendants have knowingly and willfully refused to pay Plaintiff MAY PEMBERTON all of her legally-entitled wages.

10.    Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

11.    Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

12.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-11 above as if set forth herein in full.

13.    Plaintiff MAY PEMBERTON alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

14.    Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff MAY PEMBERTON demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the Court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791